UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARIO HERNANDEZ, CANDIDO MARCO, ELISEO
PUENTE ROMERO, JOSE LUIS RODRIGUEZ,
LEONIDES ROSALES, and RENE TORRES
GONZALEZ,

                              Plaintiffs,

              -v-

JRPAC INC. (d/b/a SPICE SYMPHONY), JUDE
RODRIGUES, CHAD LEO, and PREMENDRA
CHAOUHAN,

                              Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-6-17

14 Civ. 4176 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

       This decision resolves plaintiffs' motion for attorneys' fees and costs incurred in this Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and New York Labor Law ("NYLL"), §§ 190 et seq. & §§ 650 et seq., matter, which resulted in a three-day bench trial and a judgment for plaintiffs. Plaintiffs are six former employees of JRPAC Inc. d/b/a Spice Symphony, an Indian-food restaurant located at 182 Lexington Avenue in Manhattan. Plaintiffs are four delivery workers, one food preparer and delivery dispatcher, and one cook. They alleged that the restaurant and its managers, defendants Jude Rodrigues, Chad Leo, and Premendra Chaouhan, violated the FLSA and/or NYLL by failing to pay them required minimum and overtime wages and spread-of-hours pay, failing to provide them with required wage notices and statements, and requiring the delivery workers to provide their own tools of the trade, specifically bicycles and other equipment they used to make deliveries. On June 9, 2016, after a three-day bench trial, the Court broadly found defendants liable, and that plaintiffs are entitled to attorneys' fees and costs.

Dkt. 84.  On July 18, 2016, the Clerk of Court entered a final judgment awarding plaintiffs, in the aggregate, $292,122.35.  Dkt. 90.

On August 1, 2016, plaintiffs filed a motion for attorneys' fees and costs, Dkt. 91, and in support, a memorandum of law, Dkt. 93 ("Memorandum"), and the Declaration of Joshua S. Androphy in support, Dkt. 92 ("Androphy Declaration").  The latter attached a schedule describing and quantifying the hours worked by plaintiffs' counsel, Dkt. 92, Ex. A ("Fees Schedule"), and various invoices for costs incurred in depositions, court reporters, and trial interpreters, Dkt. 92, Exs. B, C, D.  On August 5, 2016, the Court directed defendants to respond to plaintiffs' fee request by August 22, 2016.  Dkt. 94.  Plaintiffs seek $60,807.50 in attorneys' fees and $6,958.85 in costs.  Memorandum at 1.  Having to date received no response from defendants, the Court treats plaintiffs' request as unopposed.  For the following reasons, the Court approves a decreased attorneys' fees award of $51,425 and the full amount sought of $6,958.85 in costs, for a total award of $58,383.85.

I.   **Approval of Attorneys' Fees and Costs**

Both the FLSA and the NYLL are fee-shifting statutes that entitle plaintiffs to recover reasonable attorneys' fees and costs incurred in successfully prosecuting wage-and-hour actions. *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012); *see* 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees.").

Here, plaintiffs prevailed at trial.  On top of their recovery, plaintiffs seek, for their counsel, $60,807.50 in attorneys' fees, and $6,958.85 in repayment of costs incurred.  From the

perspective of the percentage that the proposed fee award would bear to plaintiffs' overall recovery, this fee request is reasonable: The fees sought would constitute less than a fifth of defendants' total payout of damages and attorneys' fees. As such, the fee request is consistent with fees that courts in this District, in reviewing settlement agreements in FLSA cases, commonly approve as reasonable. *See Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); *cf. Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs."). Nevertheless, in reviewing an application for attorneys' fees, whether in the context of settlement agreement or following a plaintiffs' verdict at trial, the Court must independently ascertain the reasonableness of the particular request for fees and for cost repayment. *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, *2 (S.D.N.Y. Nov. 30, 2015). The Court does so now, beginning with the cost component.

### A. Costs

"[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rhodes v. Davis*, No. 08 Civ. 9681 (GBD), 2015 WL 1413413, at *4 (S.D.N.Y. Mar. 23, 2015) (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). The requesting party must substantiate the request for costs. *See CJ Prods. LLC v. Your Store Online LLC*, No. 11 Civ. 9513 (GBD), 2012 WL 4714820, at *2 (S.D.N.Y. Oct. 3, 2012) (denying reimbursement for undocumented costs). Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as an invoice or receipt. *See Abel v. Town Sports Int'l LLC*, No. 09 Civ. 10388 (DF), 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 18, 2012). A sworn statement or

declaration under penalty of perjury that certain amounts were expended on particular items is ordinarily also sufficient. *Id.*

Here, plaintiffs' counsel seeks $6,958.85 in costs. Memorandum at 1. These include a $350 filing fee, $375 in fees for service of process, $593.55 in court reporter fees for depositions, $4,500 in fees for interpreters during the trial,[1] *id.*, and $1,140.30 in court reporter fees for the trial transcripts, *see id.* & Fees Schedule at 5. The fees for court reporter services at depositions and trial represent half of the fees actually incurred, because defendants covered half of those charges at the time they were incurred, and so plaintiffs now seek to recover the other half. Androphy Declaration ¶¶ 9–10.

Upon review, the Court finds these disbursements adequately documented, reasonable, and of the type commonly reimbursed by courts in this District. *See, e.g.*, *Abel*, 2012 WL 6720919, at *34; *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906 (HBP), 2014 WL 4996248, at *9 (S.D.N.Y. Oct. 7, 2014). That the parties agreed each to bear half of the court reporter costs during litigation confirms that these were reasonable expenditures, not excessive ones unilaterally expended by a spendthrift party.

**B.     Attorneys' Fees**

The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). As to the

---

[1] Two interpreters were used during each of the three trial days. Their rates each were $750 per day, resulting in a total cost of $4,500. *See* Androphy Declaration, Ex. D.

reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190–91 (2d Cir. 2008).

Plaintiffs have provided time records documenting counsel's hours worked on this case, reflecting contemporaneous daily time entries. *See* Androphy Declaration ¶ 2. Five attorneys from Michael Faillace & Associates, P.C. (the "Firm"), which specializes in employment litigation, worked a total of 153.35 hours on this matter. They are: (1) Michael Faillace, the Firm's managing member, who has practiced law since 1983, worked as an in-house employment counsel between 1983 and 2000 before starting the Firm, and has taught employment law and authored publications about it; *id.* ¶ 4; (2) Joshua Androphy, a senior attorney at the Firm, who has practiced law since 2005, worked as a litigator in various areas, including employment law, and joined the Firm in 2012, *id.* ¶ 5; (3) Shawn Clark, an associate at the Firm, who graduated from law school in 2010, worked as a fellow in the Legal Bureau of the New York City Police Department and then in the Special Federal Litigation Division of the New York City Law Department, and joined the Firm in February 2014, *id.* ¶ 6; (4) Raquel A. Gutierrez, an associate at the Firm, who graduated from law school in 2011, worked at the Kings County District Attorney's Office, and joined the Firm in February 2015, *id.* ¶ 7; and (5) Johanna Sanchez, a former associate at the Firm, who graduated from law school in 2013, and joined the Firm in January 2014, *id.* ¶ 8. Plaintiffs seek a fee award measured as follows: for Mr. Faillace, 12.75 hours at $450 per hour, for a total of $5,737.50; for Mr. Androphy, 113.5 hours at $400 per hour, for a total of $45,400; for Mr. Clark, 19.1 hours at $375 per hour, for a total of $7,162.50;

for Ms. Gutierrez, 4.5 hours at $375 per hour, for a total of $1,687.50; and for Ms. Sanchez, 3.5 hours at $200 per hour, for a total of $700. *See Id.* ¶¶ 3–8; Fees Schedule. These figures total $60,687.50, approximately the fee award plaintiffs' seek.[2]

The hourly rates that plaintiffs used to compute this award, however, are at, or somewhat exceed, the high end of the ranges of the rates reasonably charged by attorneys in wage-and-hour cases, as reflected in decisions in this District. Accordingly, for four of the five timekeepers, to assure that the rates used in calculating plaintiffs' counsel's fees align with those commonly approved in this District for lawyers of similar experience litigating wage-and-hour cases, the Court will modestly reduce the hourly rate used to calculate the fee award here.

As to Mr. Faillace, the case law commonly approves hourly rates of $300–$400 for partners in FLSA cases. *See Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (collecting cases). The Court will therefore use $400 as the reasonable hourly rate to apply to Mr. Faillace's work.

As to senior attorneys or associates, the case law has approved rates of $300 an hour for those with eight or more years' experience. *See Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015) (quoting *Black v. Nunwood*, No. 13 Civ. 7207 (GHW), 2015 WL 1958917, at *6 (S.D.N.Y. April 30, 2015)) (collecting cases). Mr. Androphy, however, has

---

[2] Plaintiffs seek $60,807.50, which is $120 more than $60,687.50, the product of the proffered hourly rates and the number of hours worked by each attorney. The discrepancy is the result of three erroneous calculations made by plaintiffs' counsel and contained in the Fees Schedule. These are as follows: January 29, 2015, 0.4 hours at $400 per hour, for a total of $160, not $180 as requested; February 5, 2015, 1.7 hours at $400 per hour, for a total of $680, not $765 as requested; and July 19, 2016, 0.3 hours at $400 per hour, for a total of $120, not $135 as requested. *See* Fees Schedule. The correct calculations reduce the amount requested by $120, and accounts for the discrepancy between the amount requested, $60,807.50, and the total product of the number of hours worked by each attorney and the each attorney's proffered hourly rate, $60,687.50.

somewhat more experience than that. The Court is mindful of his significant and estimable contributions to this particular case as lead trial counsel. The Court will therefore use $350 per hour as the reasonable rate to apply to Mr. Androphy's work.[3]

As to Mr. Clark and Ms. Gutierrez, the Court finds the $375 per hour rate that plaintiffs propose to use higher than the case law supports. These attorneys have worked on wage-and-hour cases since February 2014 and February 2015, respectively. As this Court has recognized, experienced *partners* working on wage-and-hour cases bill in the range of $300 to $400 per hour. *See Penafiel*, 2015 WL 7736551, at *3 (citing *Guo Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015)); *see also Zhang*, 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015) ("FLSA litigators who have more than three years of experience have been awarded rates in excess of $225 per hour.") (citing *Gonzalez*, 112 F. Supp. 3d at 28 (collecting cases)). In *Penafiel*, involving the same Firm, this Court similarly declined to credit Ms. Gutierrez's requested rate of $375 per hour and determined the appropriate rate for her to be $175 per hour, as it had done in *Zhang* for similarly experienced associates. *See Penafiel*, 2015 WL 7736551, at *3. The Court will, however, permit a higher rate than that to be used for Ms. Gutierrez and Mr. Clark here than was approved for Ms. Gutierrez in *Penafiel*, both because each now has more experience than he or she then had, and because this case was litigated to trial, calling upon a more demanding set of skills. The Court will therefore use $250

---

[3] One case in this district has approved the requested rates for Mr. Faillace and Mr. Androphy after an FLSA trial. *See Perez v. Platinum Plaza 400 Cleaners, Inc.*, No. 12 Civ. 9353 (PAC), Dkt. 59 (S.D.N.Y. June 16, 2015); Memorandum at 6. That award, however, appears an outlier. *See Rosendo v. Everbrighten Inc.*, No. 13 Civ. 7256 (JGK) (FM), 2015 WL 1600057, at *8–9 (S.D.N.Y. April 7, 2015) (collecting cases and recommending $400 per hour for Mr. Faillace and $300 per hour for Mr. Androphy), *report and recommendation adopted*, 2015 WL 4557147, at *1 (S.D.N.Y. July 28, 2015).

7

per hour as the reasonable rate to apply to Ms. Gutierrez's and Mr. Clark's work. The Court finds the requested hourly rate for Ms. Sanchez, $200, reasonable, and does not disturb it.

The Court asks that, in future cases, the Firm alert reviewing courts to *all* recent cases in which attorneys' fees have been awarded based on the work of the relevant attorneys, including cases in which an hourly billing rate below that requested in the case at hand has been used. Particularly in cases such as this, where defendants have demurred in the face of a fee request, such a submission will help assure that the Court sets a billing rate with full awareness of the rates previously approved for the lawyers in question.

As to the hours worked, the Court finds these reasonable. The Fees Schedule reflects sound billing practices and was sufficiently detailed and easy to understand as to permit the Court to gauge, from the description of the work done by each timekeeper, the reasonableness of the hours expended. The Fees Schedule did not reveal duplication of effort. The Court finds that the aggregate 153.35 hours worked on this case by attorneys at the Firm is quite reasonable. The Court is mindful that the case was litigated to trial, calling upon counsel to present the testimony of the six plaintiffs and to cross-examine defense witnesses.[4] These tasks, plus trial preparation and briefing, made it reasonable to expend the time reported on the Fees Schedule.

Applying the trimmed rates to the hours worked results in a fees award of $51,425, a sum the Court finds reasonable.

## CONCLUSION

For the foregoing reasons, the Court hereby awards and directs defendants to pay to plaintiffs' counsel attorneys' fees in the amount of $51,425 and costs in the amount of $6,958.85,

---

[4] Each witness's direct testimony was received in the form of a sworn declaration, while cross-examination was live in court.

for a total award to counsel of $58,383.85. The award is, of course, in addition to the recovery previously awarded to the six plaintiffs. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 91.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: January 6, 2017
       New York, New York